IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HECTOR OROZCO RIVERA, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>RICHARD VALEIKA, et al.,<br><br>Defendants. | Case No. 21-cv-04690-CRB<br><br>**ORDER GRANTING MOTION TO DISMISS** |

Plaintiffs Hector Orozco Rivera ("Orozco") and Barbara Membreño Cortes ("Membreño") filed this action alleging that the United States Citizenship and Immigration Services' ("USCIS") denial of their adjustment of status applications was arbitrary and capricious in violation of the Administrative Procedure Act ("APA"). After the suit was filed, DHS initiated removal proceedings against Orozco. The Court holds that it lacks jurisdiction because DHS initiated removal proceedings. The Court GRANTS the motion to dismiss and denies leave to amend because the jurisdictional defect cannot be cured.

## I.    BACKGROUND

Orozco is a native and citizen of Mexico. Amend. Compl. (dkt. 4) ¶ 8. He resided in the United States from October 1989 to February 1998, and then reentered the country without inspection in March 1998. Id. ¶ 18, 20. Membreño, Orozco's wife, is a citizen of Honduras and a recipient of Temporary Protected Status ("TPS"). Id. ¶ 9. Orozco and Membreño reside in Berkeley, California. Id. ¶ 8–9.

The agency defendants in this case are USCIS and Department of Homeland Security ("DHS"). Id. ¶¶ 12, 14. Individual defendants, all sued in their official capacities, are: Richard Valeika, the Director of the San Francisco Field Office for USCIS;

Tracy Renaud, the Acting Director of USCIS; and Alejandro Mayorkas, the Secretary of DHS. Id. ¶¶ 10, 11, 13.

An individual who entered without inspection may apply for adjustment of status to Lawful Permanent Resident if, among other requirements, he is the beneficiary of another petition that was filed on or before April 30, 2001. See 8 U.S.C. § 1255(i). Orozco's brother, Efrain Orozco Rivera, filed a petition to adjust his status on October 8, 1997. Amend. Compl. ¶ 17. Orozco was a beneficiary. Id.

On August 8, 2017, Orozco filed his Form I-485 for Application for Adjustment of Status. Id. ¶ 17. Membreño filed her application as a derivative beneficiary. Id. On December 20, 2019, Orozco and Membreño appeared for an interview at USCIS. Id. ¶ 19. The officer questioned Orozco about being arrested and detained in jail for a hit and run on January 11, 1995. Id. Orozco "had never committed a hit and run or been arrested and jailed for it." Id. In "a moment of confusion," he stated that "he was in Mexico on the date of the incident." Id. On January 9, 2020, USCIS issued a Request for Evidence to Orozco regarding his contact with law enforcement on January 11, 1995 and whether he was in Mexico at the time. Id. ¶ 20. He responded and provided "certified records reflecting that a court dismissed the charges resulting from his encounter with police in 1995," as well as a declaration that he had resided in the United States from October 1989 to February 1998, and then reentered the country in March 1998. Id.

On April 9, 2020, USCIS issued a Notice of Intent to Deny ("NOID"), asserting that Orozco was ineligible because (1) he was unlawfully present for more than 180 days but less than a year from April 1, 1997 to February 1998 and did not remain outside the United States for a period of 3 years; and (2) he "willfully [mis]represent[ed] a material fact because he testified that he was in Mexico on January 11, 1995." Id. ¶ 21; see 8 U.S.C. §§ 1282(a)(9)(B)(i)(I), 1282(a)(6)(C)(i). Orozco timely responded to the NOID and contested the first ground of inadmissibility as based on an erroneous interpretation of the statute and the second because any alleged misrepresentation was neither willful nor material. Amend. Compl. ¶ 22, 24. On November 6, 2020, USCIS denied Orozco's application on

both grounds.  Id. ¶ 23.  Orozco filed a Motion to Reopen and Reconsider.  Id. ¶ 24. USCIS denied Orozco's motion, reaffirming both grounds.  Id. ¶ 25.

On June 22, 2021, Orozco and Membreño filed this suit.  See Compl. (dkt. 1).  In the amended complaint, Orozco argues that USCIS' denial of his application was "arbitrary and capricious" under the APA.  5 U.S.C. § 706(2)(A); Amend. Compl. ¶¶ 29–38.  For the same reason, Membreño claims that her derivative application was unlawfully denied and asks for a writ of mandamus.  Amend. Compl. ¶¶ 39–43; see 28 U.S.C. § 1361.

On August 25, 2021, DHS filed a Notice to Appear ("NTA") to initiate removal proceedings against Orozco.  See Dkt. 17, Ex. 2.  On September 17, 2021, the United States filed a motion to dismiss Orozco and Membreño's claims for lack of subject-matter jurisdiction.  Mot. to Dismiss (dkt. 17); see Opp. (dkt. 18); Repl. (dkt. 19).

## II.   LEGAL STANDARD

"Federal courts are courts of limited jurisdiction."  Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994).  A defendant may move to dismiss for lack of subject matter jurisdiction.  Fed. R. Civ. P. 12(b)(1).  At the pleading stage, plaintiffs bear the burden of making a "prima facie showing of jurisdictional facts."  Well Fargo & Co. v. Wells Fargo Exp. Co., 556 F.2d 406, 430 n.24 (9th Cir. 1977).  When a defendant makes a factual challenge to jurisdiction, the Court "is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction."  McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988).  Events occurring after the filing of a complaint "can defeat jurisdiction by negating the ripeness of a claim."  Cabaccang v. USCIS, 627 F.3d 1313, 1317 (9th Cir. 2010).  When a court lacks subject-matter jurisdiction, it must dismiss the case.  See Herman Family Revocable Trust v. Teddy Bear, 254 F.3d 802, 807 (9th Cir. 2001).

## III.  DISCUSSION

Under the APA, a party may obtain judicial review for (1) "[a]gency action made reviewable by statute;" or (2) "final agency action for which there is no other adequate remedy in a court."  5 U.S.C. § 704.  This case does not fall into the first category, as no

3

statute specifically authorizes judicial review of denials of status adjustment. Cabaccang, 627 F.3d at 1315. It also does not fall into the second category, because the Ninth Circuit has held that, on the facts of this case, denial of adjustment of status is not a "final agency action." Cabaccang, 627 F.3d at 1315–16. USCIS' decision ceased to be "final" when DHS initiated removal proceedings. Orozco and Membreño therefore lack "subject matter jurisdiction under the APA," and their claims must be dismissed. San Luis Unit Food Producers v. United States, 709 F.3d 798, 801 (9th Cir. 2013).

      In Cabaccang, a husband and wife from the Phillipines entered the United States on nonimmigrant tourist visas. Id. at 1314. USCIS denied their application for adjustment of status because they submitted the application after their visas had expired. The Cabaccangs filed an action in district court, after which DHS initiated removal proceedings. Id. at 1315. The Ninth Circuit reversed the district court's grant of relief. It noted that, "[w]ithout a pending removal proceeding, a denial of status adjustment is final." Id. at 1317. But once the DHS initiates removal proceedings, the action is no longer "final." Id. at 1315–16. After all, a noncitizen in removal proceedings can renew his application to adjust status, and the immigration judge can "modify or reverse" USCIS' decision. Id. at 1316 (citing 8 C.F.R. §§ 1240.1(a)(1)(ii), 1245.2(a)(1)(i)). The court also held that a noncitizen in removal proceedings has not exhausted his administrative remedies and that this rule is excused only in "exceptional circumstances." Id. at 1316–17 (citing White Mountain Apache Tribe v. Hodel, 840 F.2d 675, 677 (9th Cir. 1988).

      Cabaccang forecloses subject-matter jurisdiction over Orozco's claim. Id. at 1316. As in that case, this Court likely possessed jurisdiction at filing. But jurisdiction terminated on August 25 when DHS initiated removal proceedings. For the same reason, Orozco has not exhausted his administrative remedies. The fact that removal proceedings will take many years and cause considerable uncertainty for his family does not constitute "exceptional circumstances." Amend. Compl. ¶ 26.

      The Court also lacks jurisdiction over Membreño's claim. It's true that DHS did not initiate removal proceedings as to her, so she cannot "have her claim adjudicated in

those proceedings."[1]  Opp. at 5.  But Membreño is a derivative beneficiary: she is eligible for adjustment only through Orozco.  Compl. ¶ 17; Mot. at 7 (describing Orozco's claim as "the predicate for Ms. Membreño's status to be adjusted"); see 8 U.S.C. § 1153(d).  The denial of her application is not "final" because her claim depends entirely on Orozco's proceeding.  At this time, no "duty [is] owed" to her.  28 U.S.C. § 1361.

Another court reached the same conclusion.  In Jian Wang v. Wolf, 511 F. Supp. 3d 1060, 1063–65 (C.D. Cal. 2021), a noncitizen abandoned his permanent resident status—allegedly involuntarily—after which DHS placed his derivative beneficiary wife in removal proceedings.  The court held that it lacked jurisdiction over his claim that his abandonment was involuntary because it was "inextricably linked" to his wife's claim.  Id. at 1069.  So too here, even though the opposite spouse is in removal proceedings.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS the motion to dismiss without leave to amend, but without prejudice to plaintiffs' ability to return if jurisdiction later lies in this court.[2]

**IT IS SO ORDERED.**

Dated: October 21, 2021

CHARLES R. BREYER
United States District Judge

---

[1] As long as she is a recipient of TPS, DHS "shall not remove" her.  See 8 U.S.C. § 1254a(a)(1)(A).  Her status is currently valid until December 31, 2022.  Continuation of Documentation for Beneficiaries of Temporary Protected Status Designations for El Salvador, Haiti, Nicaragua, Sudan, Honduras, and Nepal Fed. Reg. 50725, 50726 (Sep. 10, 2021).

[2] The Court notes that, after Orozco's removal proceedings and appeals end or are administratively closed, jurisdiction might once again lie in the district court.  See Cabaccang, 627 F.3d at 1317 ("Without a pending removal proceeding, a denial of status adjustment is final.").  And because Membreño is not—and, at least for now, cannot be—in removal proceedings, see 8 U.S.C. § 1254a(a)(1)(A), the immigration judge in Orozco's removal proceedings lacks jurisdiction to adjust her status.  Therefore, if the immigration judge adjusts Orozco's status, and such adjustment is final, jurisdiction would once again lie in the district court with respect to her status.